EVANS *v.* WENGER.*

(Division B. April 20, 1925.)

[103 So. 481.  No. 24881.]

1. NEW TRIAL. *Setting aside verdict and judgment for plaintiff supported by evidence and based on proper instructions held error.*

In a replevin suit to recover property traded to another, where it is claimed that the trade was brought about by fraud, where the evidence sustains the plaintiff's contention, and such evidence is believed by the jury and the jury finds a verdict for the plaintiff on proper instructions, it is error to set aside a verdict and judgment in favor of the plaintiff.

2. EXCHANGE OF PROPERTY. *Instruction that, if defendant induced trade through fraudulent representations, plaintiff could replevy article traded, not erroneous.*

In such case, an instruction that if the plaintiff traded with the defendant and at the time of the trade inquired of defendant whether or not his property was in good condition, and the defendant told plaintiff that it was in good condition and that all it needed was tightening up, new piston rings, and painting, and if the jury believe that defendant made such representations and that same induced plaintiff to make the trade, and that afterwards upon investigation and examination said machine was found not to be in good order but unfit for use, and if the jury believed from the evidence that such representations by the defendant were material and false and induced plaintiff to make the trade, they shall find for the plaintiff, is not an erroneous instruction.

---

*Headnotes 1.  New Trial, 29 Cyc., p. 827;  2. Exchange of Property, 23 C. J., Section 96.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by B. A. Evans against R. B. Wenger. After trial in justice court, appeal was taken to circuit court, and after verdict for plaintiff, new trial was granted, and, from judgment for defendant on second trial, plaintiff appeals. Reversed, and first judgment reinstated.

*Mize & Mize* and *U. B. Parker,* for appellant.

Plaintiff in the court below contended that he had been defrauded in the trade with defendant Wenger, whose fraudulent representations as to the condition of Waterloo Boy tractor traded to the plaintiff annulled the tractor trade between them and gave the plaintiff a legal right to repossess the tractor he had traded to the defendant Wenger, and we contend that the evidence amply supported the contention of the plaintiff in the court below.

We further contend that the issue was properly submitted to the jury by the court below at the March, 1924, term, as shown by the instructions for both parties; that the jury found the issues of fact both as to fraud and deception on the part of defendant Wenger and as to value of the property in favor of the plaintiff, appellant here, and if we are correct in this proposition then the court erred in granting defendant a new trial.

We submit that a person induced by another to a sale or trade and to a parting of their possession by fraudulent representations, as was the case here, is entitled to rescind the contract and to recover in replevin. *Gulledge, et al.* v. *Slayden-Kerksey Woolen Mills,* 75 Miss. 297.

If we are correct in our contention that the verdict and judgment in the first trial was proper, then we can hardly be mistaken that the granting of a new trial was error, and that the case should be reversed and judgment entered here for the appellant, plaintiff below, as was done in *Ennis* v. *Yazoo & M. V. R. Co.,* 118 Miss. 509.

If, however, the court should hold that sufficient error existed to warrant a new trial we insist that it was error for the court to grant peremptory instructions in favor of the defendant, appellee here, and enter judgment as was done in the second trial of the case.

*J. F. Galloway* and *T. M. Evans,* for appellee.

That the judgment of the lower court in this case should be sustained is beyond question. The court should have dismissed the case, if for no other reason than the showing made by the evidence of both parties that the value of the Fordson tractor sought to be replevied by an action originating in a justice of the peace court, was of a greater value than two hundred dollars.

Now the burden was on the plaintiff to show that the value of the tractor at the date of the sale was not worth more than two hundred dollars, in order to confer justice court jurisdiction. There was no effect made to show that the tractor had depreciated to an amount less than two hundred dollars.

The law is well settled in Mississippi, that a party cannot reduce his claim below its value in order to vest jurisdiction in a justice court. A writ of seizure issued for more than one hundred and fifty dollars, returnable before a justice of the peace, is void. *Breckenridge* v. *Johnson,* 57 Miss. 371. And a plaintiff cannot divide the account, though composed of various items so as to bring it within the jurisdiction of a justice court. *Grayson* v. *Williams,* Walker 298, 12 Am. Dec. 568.

Where the plaintiff voluntarily enters credit on his note so as to bring it within the jurisdiction of the justice of the peace court, the court acquired no jurisdiction. *Herbert* v. *Spurlock,* 26 Miss. 180. See, also, *Schofield* v. *Penson,* 26 Miss. 402; *Askew* v. *Askew,* 49 Miss. 301.

It is perfectly evident that the value of the property involved here, sought to be replevied, was greatly in excess of two hundred dollars and was purposely under-

valued in order to get a hearing before a justice of the peace, where he could get a trial on five days' notice, and not be delayed until the next term of the circuit court.

The sole grounds advanced by counsel for appellant as a basis of reversal of the lower court is that appellant was defrauded in the trade by the appellee. Fraud cannot be assumed; it must be specifically charged, and proved. See *Vincent* v. *Corbett,* 47 So. 641.

It is clear that appellee declined to warrant the car unless at least one hundred fifty dollars worth of parts and work were put on it, and in answering to this warning, Evans assumed the risk of quality and condition of the tractor in order to save himself one hundred and fifty dollars, which Wenger was demanding as boot if he had to make a guaranty. This was an express warning. It is not contended by appellant that there was an express warranty in any respect, and the case of *Gulledge* v. *Woolen Mills,* 75 Miss. 297, is no authority for appellant.

A second-hand machine is "*res ipsa loquiter*" and of itself is warning to a would-be purchaser. Any rational man knows second-hand machines have many parts which are worn and weakened and in need of repairs, that at any time more or less trouble may be expected from any part of it. 24 R. C. L. 189, article 461; *Job & Co.* v. *Lumber Co.* (C. C. A.), 255 Fed. 311, 3 A. L. R. 619; *Barnard* v. *Kellog,* 19 L. Ed. 987. See, also, *Smith* v. *Bolster,* 125 Pa. 1022; *Morley* v. *Mfg. Co.,* 196 Mass. 257; *Warren* v. *Walker Auto Co.,* 99 N. Y. Supp. 396; *Bay* v. *Motor Co.,* 194 Mich. 222; *White* v. *Haynesworth Motor Co.,* 112 Wash. 440; *Mull* v. *Touchberry,* 112 S. C. 422; *Ray Motor Co.* v. *Stanyan,* 123 Me. 346, citing Benjamin on Sales (4 Am. Ed.), 766; 5 L. R. A. (N. S.) 180, 24 R. C. L. 180.

The rule announced in the preceding authorities is also the rule in Mississippi. *Otts* v. *Alderson,* 10 S. & M. 476; *Joslin* v. *Caughlin,* 26 Miss. 138; *Cogin* v. *Frisbie,* 36 Miss. 185; *Lindsay* v. *Lindsay,* 34 Miss. 432; *Chase*

*Threshing Machine Co.* v. *McCoy,* 72 So. 139; *Oswald* v. *McGhee,* 28 Miss. 350; *Farrin* v. *Dameron,* 99 Md. 323, 105 A. S. R. 297.

If Evans had a right of action against Wenger, he has selected the wrong one. Under the circumstances he might have rejected the car and entered a suit for damages; or kept the car and recovered the difference in value of the car called for in the contract, and the one actually delivered. Replevin is certainly not a remedy intended to provide a method of rue back in trades. *Mobile Auto Co.* v. *Sturgis & Co.,* 66 So. 205.

We therefore say, that there was no warranty either express or implied, on the part of appellee, but on the contrary, there was a very distinct, fair, clear and specific warning that the machine needed the very thing he told him, that is "new bolts, tightening up and one hundred and fifty dollars worth of work and other unnamed parts." Further than that the evidence shows that the alleged defective parts were on a prominent part of the machine and were easily visible, and that Evans had examined the machine, of his own initiative and at Wenger's invitation.

We, therefore, respectfully submit that the circuit judge was entirely correct in giving peremptory instructions in favor of the defendant, and on the showing made by plaintiff.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Evans, owned a Fordson tractor, and the appellee owned a Waterloo Boy tractor. A discussion arose between them as to trading the machines. When the first conversation took place, Wenger would not trade unless and until another party who had an option to purchase his tractor exercised or declined the option. Afterwards Evans went to Wenger's place and a trade was made, in which Evans claimed that Wenger told him that the Waterloo Boy tractor was in good

shape but needed piston rings and tightening up and a new coat of paint; that he took Wenger's tractor home from Wenger's place under its own power; and that the next day he was operating the tractor in running a saw-mill and used it nearly one and three-fourth days, when the bearings burned out, and he then took the tractor down to see what the trouble was, and found between the oil base and the crank-case a hole broken out about two inches long and one and one-half inches wide on the inside; that it was an old patch with shellac and waste, and as soon as the tractor was started running the shellac and waste burned out; that he sent his sons to see Wenger, and he refused to take the Waterloo Boy tractor back and refused to pay for the repairs on it; that when Evans' sons told him what happened, he said he knew about the hole in the tractor before the trade but forgot to tell Evans about it. Thereupon Evans sued out a writ of replevin for the Fordson tractor formerly owned by him and returned the Waterloo Boy tractor to Wenger's place and left it there.

On the trial the plaintiff testified that the Fordson tractor which he replevied was worth two hundred dollars, suit being filed in the justice court, and appeal taken from that court to the circuit court. Plaintiff's son testified to the statement by Wenger, the defendant, that he (Wenger) knew of the defect in the Waterloo Boy tractor at the time the trade was made, but forgot to tell Evans about it. Evans testified to the statements above set forth, and that he relied upon Wenger's statements as to the condition of the Waterloo Boy tractor. Evans also stated that in the first conversation at Gulf-port that Wenger said he would guarantee that if one hundred and fifty dollars was spent on the Waterloo Boy tractor it would be in good condition. Evans testified that on the day of the trade he asked Wenger what was the matter with the Waterloo Boy tractor, and he told Evans it needed new piston rings, tightening up, and a new coat of paint; that the party with them said that if

that was all they could tighten up the machinery, and that it was not necessary to paint the tractor for their purposes. Wenger testified that he did not make that statement, that he told Evans he could take the tractor, that there it was, he could take it or leave it; that he (Wenger) did not represent its condition, but stated that if one hundred and fifty dollars was spent on it in repairs that it would be all right. Wenger had two witnesses who testified also to Wenger's version of the trade and stated that Evans said he would take it in that condition, and that if he got stung that was all there was to it. On the first trial on this testimony the jury found for plaintiff and the value of the Fordson tractor to be two hundred dollars. Claimant's affidavit was filed before the first trial by one Geil, who purchased the Fordson tractor from Wenger.

A motion was made for a new trial by Wenger on the ground that the court erred in giving the following instruction for the plaintiff:

"The court instructs the jury for B. A. Evans that if they believe from the evidence that Wenger and Evans traded tractors, and that at the time that Evans traded his tractor to Wenger he inquired of Wenger whether or not his tractor was in good condition, and that Wenger told him it was in good working condition, all that it needed was some paint and piston rings tightened up, and that said representations of Wenger, if he made such representations, induced Evans to make the trade, and that Evans upon making the trade found upon testing out the Waterloo Boy tractor that it was not in good condition, that the crank case was out of order and it would leak and made it unfit to operate, and if the jury believe from the evidence that the representations made by Wenger to Evans was about a material thing and was false and induced Evans to enter into the contract of trade, then they shall find a verdict for Evans."

The court took the motion for a new trial under advisement until the next term of the court and at that term

sustained the motion, and a new trial was had upon the same evidence, whereupon the court gave a peremptory instruction for the defendant, Wenger, and thereafter a trial on the claimant's issue between Wenger and his vendee resulted in a verdict for the claimant.

We think the court below erred in granting the motion for a new trial on the first trial. The plaintiff had won his verdict on the conflict in the evidence, and, as we view his evidence and the instruction above set out, there was no error warranting the setting aside of the first judgment. It was also error to grant the peremptory instruction on the last trial between Evans and Wenger.

The judgment of the court below will therefore be reversed, and the first judgment reinstated.

*Reversed, and judgment reinstated.*